UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Eugene D. Patterson, Jr., # 321525, | ) C/A No. 5:14-4428-JMC-KDW |
|                      Plaintiff, | ) |
| vs. | ) REPORT AND RECOMMENDATION |
| | ) (partial summary dismissal) |
| Michael McCall; | ) |
| Lt. Robert Durant; | ) |
| Bruce Oberman; | ) |
| Ass. Warden James Dean; | ) |
| Mr. Elbert Pearson; | ) |
| Sgt. Long, | ) |
|                      Defendants. | ) |

This is a civil action filed pro se by a state prison inmate. Pursuant to 28 U.S.C. § 636(b)(1), and Local Civil Rule 73.02(B)(2)(e) (D.S.C.), this magistrate judge is authorized to review all pretrial matters in such pro se cases and to submit findings and recommendations to the district court. *See* 28 U.S.C. § § 1915(e); 1915A (as soon as possible after docketing, district courts should review prisoner cases to determine whether they are subject to summary dismissal).

    I.    Factual Background

Eugene D. Patterson, Jr. ("Plaintiff") alleges that his due-process rights were violated by Defendants when, on May 31, 2012, he was ordered to continue confinement in the Lee Correctional Institution's Special Management Unit ("SMU") even though he renounced his former prison-gang affiliation. Compl. 3-4, ECF No. 1. Plaintiff also alleges that his due-process rights are being violated by Defendants because they refuse to return all of his legal mail to him after it was taken from his cell during a search on the same day as his Security Detention Status

Hearing. *Id*. at 5-6. Plaintiff alleges that some of his confiscated personal property was returned to him, but not all of it and that several letters from his trial counsel that he intends to use as evidence in an upcoming PCR evidentiary hearing were not returned. *Id*. at 4-5. He alleges that he has written letters, requests to staff, and grievances to many of the Defendants during the two years since the seizure of his property, but that he still has not received responses from some Defendants, has received irrelevant, unresponsive answers from others, and that all of his legal mail has not been returned. *Id*. at 5. Plaintiff seeks injunctive and declaratory relief and damages. *Id*. at 6.

    II.    Standard of Review

Under established local procedure in this judicial district, a careful review has been made of Plaintiff's pro se Complaint filed in this case. This review has been conducted pursuant to the procedural provisions of 28 U.S.C. §§ 1915, 1915A, and the Prison Litigation Reform Act of 1996, and in light of the following precedents: *Denton v. Hernandez*, 504 U.S. 25 (1992); *Neitzke v. Williams*, 490 U.S. 319, 324-25 (1989); *Haines v. Kerner*, 404 U.S. 519 (1972); *Nasim v. Warden*, *Md. House of Corr.*, 64 F.3d 951 (4th Cir. 1995); *Todd v. Baskerville*, 712 F.2d 70 (4th Cir. 1983); *Boyce v. Alizaduh*, 595 F.2d 948 (4th Cir. 1979).

Pro se complaints are held to a less stringent standard than those drafted by attorneys, *Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir. 1978), and a federal district court is charged with liberally construing a complaint filed by a pro se litigant to allow the development of a potentially meritorious case. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007). When a federal court is evaluating a pro se complaint, the plaintiff's allegations are assumed to be true. *De'Lonta v. Angelone*, 330 F.3d 630, 630 n.1 (4th Cir. 2003). Nevertheless, the requirement of liberal

construction does not mean that this Court can ignore a clear failure in the pleading to allege facts which set forth a claim currently cognizable in a federal district court. *Weller v. Dep't of Soc. Servs.*, 901 F.2d 387, 391 (4th Cir. 1990). Even under this less stringent standard, the Complaint filed in this case is subject to partial summary dismissal under the provisions of 28 U.S.C. § 1915(e)(2)(B).

   III.   Discussion

Plaintiff does not have a constitutional claim relating to his classification for custody purposes in the Lee Correctional Institution SMU. The South Carolina Code of Laws vests exclusive authority relating to the care and housing of prisoners in the Director of the South Carolina Department of Corrections ("SCDC") and places no limitations on official discretion. *See* S.C. Code Ann. §§ 24-1-130, 24-1-140, 24-3-20, 24-3-30. Federal courts are required to accord great consideration to a correctional system's need to maintain order, discipline, and control, *see Wolff v. McDonnell*, 418 U.S. 539, 558-62 (1974), and it is well established that there is no constitutional right for a state prisoner or federal prisoner to be housed in a particular institution, at particular custody level, or in a particular portion or unit of a correctional institution. *Olim v. Wakinekona*, 461 U.S. 238 (1983); *Ange v. Paderick*, 521 F.2d 1066 (4th Cir. 1975); *Lyons v. Clark*, 694 F. Supp. 184, 187 (E.D. Va. 1988) (collecting cases). In other words, the placement and assignment of inmates into particular institutions or units by state or federal corrections departments are discretionary functions, and, generally, are not subject to review unless state or federal law places limitations on official discretion. *Hayes v. Thompson*, 726 F.2d 1015, 1016-17 (4th Cir. 1984) (collecting cases).

Other cases previously decided in this judicial district have found that South Carolina law

confers no liberty interest upon SCDC inmates that would protect them from being classified in a certain way or placed in administrative segregation, in a particular prison, or in a particular section of a prison. *See*, *e.g.*, *Keeler v. Pea*, 782 F. Supp. 42, 43-44 (D.S.C. 1992) (citing *Meachum v. Fano*, 427 U.S. 215 (1976)); *Vice v. Harvey*, 458 F. Supp. 1031, 1034 (D.S.C. 1978); *Sheffield v. Edwards*, No. 9:07-3550-JFA-GCK, 2008 WL 4200442 (D.S.C. Sept. 3, 2008). In fact, it is well settled that the placement of inmates into administrative segregation units or similar units is a valid of means of minimizing a "threat to security of the institution, threat to the safety of other residents or Jail staff, etc." *Jackson v. Bostick*, 760 F. Supp. 524, 528 (D. Md. 1991); *see Hewitt v. Helms*, 459 U.S. 460, 468 (1983) ("The transfer of an inmate to less amenable and more restrictive quarters for nonpunitive reasons is well within the terms of confinement ordinarily contemplated by a prison sentence."); *Anderson v. Cnty. of Kern*, 45 F.3d 1310, 1312 (9th Cir. 1995) (prison officials have legitimate penological interest in administrative segregation, and they must be given "wide-ranging deference" with respect to their need to maintain order, discipline, and "institutional security"); *see also Montanye v. Haymes*, 427 U.S. 236, 242 (1976) (if a prisoner's confinement is within terms of the sentence imposed upon him and does not violate other constitutional provisions, "the Due Process Clause does not in itself subject an inmate's treatment by prison authorities to judicial oversight"). In other words, because Plaintiff was committed to the custody of SCDC, the choices of where and how Plaintiff is to be confined are to be determined by SCDC. Although Plaintiff would prefer to be housed in the general population at Lee Correctional Institution or at another SCDC prison, his classification and continued placement in the Lee Correctional Institution SMU does not violate his federally guaranteed constitutional rights. *See Wolff v. McDonnell*, 418 U.S. at

558-62; *Mann v. Leeke*, 73 F.R.D. 264, 265-267 (D.S.C. 1974); *Ramey v. Hawk*, 730 F. Supp. 1366, 1372 (E.D.N.C. 1989); *see also Cooper v. Riddle*, 540 F.2d 731, 732 (4th Cir. 1976) (citing *Meachum v. Fano*: federal courts are not "to assume the role of super wardens of state penal institutions").

    IV.    Recommendation

Accordingly, it is recommended that the district court partially dismiss the Complaint in this case insofar as it seeks relief for continued placement in the Lee SMU. *See Brown v. Briscoe*, 998 F.2d 201, 202-04 (4th Cir. 1993); *see also* 28 U.S.C. § 1915(e)(2)(B); 28 U.S.C. § 1915A (as soon as possible after docketing, district courts should review prisoner cases to determine whether they are subject to summary dismissal). Defendants should be directed to respond only to those portions of the Complaint that do not involve the SMU-placement issue.

    IT IS SO RECOMMENDED.

December 22, 2014                                       Kaymani D. West
Florence, South Carolina                           United States Magistrate Judge

**The parties are directed to note the important information in the attached "Notice of Right to File Objections to Report and Recommendation."**

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

**Robin L. Blume, Clerk**
**United States District Court**
**Post Office Box 2317**
**Florence, South Carolina 29503**

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).